| STATE OF NORTH CAROLINA | FILED | 11CV-04140 |
|---|---|---|
| Buncombe County | 2011 AUG 10 AM 11:55 BUNCOMBE CO. C.S.C. BY _____ | In The General Court Of Justice ☐ District ☒ Superior Court Division |

**Name Of Plaintiff**
TD Bank, N.A.

**Address**

**City, State, Zip**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3, 4

**VERSUS**

**Name Of Defendant(s)**
Andrew J. Filipowski and Matthew G. Roszak

**Date Original Summons Issued**

**Date(s) Subsequent Summons(es) Issued**

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Andrew J. Filipowski | Matthew G. Roszak |
| 50 East Chestnut, Suite 3301 | 2883 Independence Avenue |
| Chicago, Illinois 60611 | Glenview, Illinois 60025 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

**Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)**
Douglas R. Ghidina
Luis M. Lluberas-Oliver
Moore & Van Allen, PLLC, 100 N. Tryon Street, Floor 47
Charlotte    NC 28202

**Date Issued:** 8-10-11    **Time:** 11:55 ☒ AM ☐ PM

**Signature:** _[signed]_

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

☐ **ENDORSEMENT (ASSESS FEE)**
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

**Date Of Endorsement:**    **Time:** ☐ AM ☐ PM

**Signature:**

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

```
                           FILED
STATE OF NORTH CAROLINA                IN THE GENERAL COURT OF JUSTICE
                      2011 AUG 10 AM 11: 55   SUPERIOR COURT DIVISION
COUNTY OF BUNCOMBE                          11 - CVS 11CV-04140
                      BUNCOMBE CO. C.S.C.
                              BY_____  ____
TD BANK, N.A.,                         )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )    VERIFIED COMPLAINT
                                       )
ANDREW J. FILIPOWSKI and                )
MATTHEW G. ROSZAK,                     )
                                       )
        Defendants.                    )
                                       )
```

NOW COMES Plaintiff TD Bank, N.A. ("Bank" or "Plaintiff"), by and through the undersigned counsel, and hereby complains and alleges of Andrew J. Filipowksi ("Filipowski") and Matthew G. Roszak ("Roszak") as follows:

### *Parties, Jurisdiction and Venue*

1. Plaintiff is a national banking association organized and existing under the laws of the United States and, as a result of a merger, is the successor-in-interest of Carolina First Bank ("CFB"). Plaintiff maintains a place of business in Asheville, Buncombe County, North Carolina

2. Defendant Filipowski is a natural person and, upon information and belief, previously was a citizen and resident of North Carolina and presently is a citizen and resident of Chicago, Illinois.

3. Defendant Roszak is a natural person and, upon information and belief, previously was a citizen and resident of North Carolina and presently is a citizen and resident of Glenview, Illinois.

4. This Court has personal jurisdiction over Filipowski and Roszak (collectively, the "Defendants") and the subject matter hereof pursuant to, inter alia, N.C. Gen. Stat. §1-75.4(1), §1-75.4(3) and/or §1-75.4(5).

5. Venue of this matter is properly placed in this Court pursuant to N.C. Gen. Stat. §1-82.

*Claim for Relief: Balance Due from Defendants Under Note*

6. Pursuant to a Promissory Note dated April 15, 2009, in the original principal amount of $500,000.00 executed by Defendants in favor of CFB, a true and complete copy of which is attached as Exhibit A (the "Note"), CFB loaned funds to Defendants.

7. As a result of a merger, Bank has succeeded to the interests of CFB in the Note.

8. Defendants defaulted under the Note by failing to satisfy the entire outstanding balance due upon maturity of the Note on April 30, 2010.

9. The terms of the Note include provisions at Section 16 under which the Defendants agreed to pay Bank's expenses of collection, including the attorneys' fees, court costs and other legal expenses actually incurred by Bank.

10. By a letter dated July 13, 2010, and sent by first class mail and certified mail, return receipt requested, a true and complete copy of which is attached as Exhibit B, CFB (a) provided Defendants notice of the default under the Note, (b) made demand for payment of the outstanding balance then due under the Note, and (c) further notified Defendants pursuant to N.C. Gen. Stat. §6-21.2 that, if they failed to pay the outstanding balance due under the Note within five days, CFB would proceed to enforce its rights to attorneys' fees under the Note and pursuant to N.C. Gen. Stat. §6-21.2.

11. In the alternative, Bank hereby (a) provides Defendants notice of the default under the Note, (b) makes demand for payment of the outstanding balance due under the Note and (c) further notifies Defendants pursuant to N.C. Gen. Stat. §6-21.2 that, if they fail to pay the outstanding balances due under the Note within five days, Bank will proceed to enforce its rights to attorneys' fees under the Note and pursuant to N.C. Gen. Stat. §6-21.2.

12. Defendants have failed and/or refused to pay CFB or Bank the entire outstanding balance due under the Note.

13. As of August 4, 2011, the outstanding balance due under the Note is no less than (a) $330,763.13, which represents $305,631.87 of principal, $15,131.26 of accrued interest and $10,000.00 in applicable late charges, plus (b) the Bank's attorneys' fees and expenses. Interest presently continues to accrue under the Note at the per diem rate of no less than $76.40.

14. In accordance with the terms and conditions of the Note and N.C. Gen. Stat. §6-21.2, Bank is entitled to recover from Defendants, jointly and severally, the entire outstanding balance due under the Note, including principal, all interest accrued thereon and any and all costs and expenses of collection, including but not limited to the actual attorneys' fees and expenses incurred by Bank, in an amount to be determined by the Court upon entry of judgment against Defendants.

WHEREFORE, Bank prays that:

1. On account of its Claim for Relief, Bank have and recover from the Defendants, jointly and severally, judgment in the amount of (a) $330.763.13, which represents the total outstanding balance of principal, interest and late charges due under the Note as of August 4; 2011, plus (b) interest of $76.40 per day from August 4, 2011, through the date of entry of judgment, plus (c) additional interest on the $305,631.87 principal amount, at the judgment rate, from the date of

entry of judgment to the date of collection, plus (d) attorneys' fees and expenses incurred by Bank, in an amount to be determined by the Court upon entry of judgment against Defendants; and

2. The Court award Bank such other and further relief as the Court deems just, reasonable and proper.

This _9th_ day of August, 2011.

MOORE & VAN ALLEN PLLC

_/s/ Douglas R. Ghidina_

Douglas R. Ghidina
State Bar No. 14109
Luis M. Lluberas-Oliver
State Bar No. 38320
101 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: 704-331-1000

ATTORNEYS FOR TD BANK, N.A.

CHAR2\1342676v1                              4

STATE OF SOUTH CAROLINA

COUNTY OF HORRY

## VERIFICATION

The undersigned, being first duly sworn, deposes and says that James R. Ramsbottom is Vice President of TD Bank, N.A., that he has read the foregoing Verified Complaint and to his personal knowledge the matters and statements contained therein are true, except as to those matters or statements made upon information and belief, and as to those he believes them to be true.

This 2nd day of August, 2011.

Name: James R. Ramsbottom

Sworn to and subscribed before
me this 2ND day of August, 2011.

Notary Public

My Commission Expires: MAY 12, 2020

| LOAN NUMBER | LOAN NAME | ACCT. NUMBER | NOTE DATE | INITIALS |
|---|---|---|---|---|
| 6121066469 | ANDREW J. FILIPOWSKI |  | 04/16/09 |  |
| NOTE AMOUNT | INDEX (w/Margin) | RATE | MATURITY DATE | LOAN PURPOSE |
| $500,000.00 | CAROLINA FIRST BANK PRIME plus 1.000% | 4.25% | 04/30/10 | Commercial |

Creditor Use Only

## PROMISSORY NOTE
(Commercial - Revolving Draw)

DATE AND PARTIES. The date of this Promissory Note (Note) is April 16, 2009. The parties and their addresses are:

**LENDER:**
CAROLINA FIRST BANK
104 South Main Street
Greenville, SC 29601
Telephone: (800) 476-6400

**BORROWER:**
ANDREW J. FILIPOWSKI
111 NORTH CHESTNUT, SUITE 200
WINSTON SALEM, NC 27101

MATTHEW O. ROSZAK
111 NORTH CHESTNUT, SUITE 200
WINSTON SALEM, NC 27101

1. **DEFINITIONS.** As used in this Note, the terms have the following meanings:

A. Pronouns. The pronouns "I," "me," and "my" refer to each Borrower signing this Note, individually and together. "You" and "Your" refer to the Lender.

B. Note. Note refers to this document, and any extensions, renewals, modifications and substitutions of this Note.

C. Loan. Loan refers to this transaction generally, including obligations and duties arising from the terms of all documents prepared or submitted for this transaction such as applications, security agreements, disclosures or notes, and this Note.

D. Loan Documents. Loan Documents refer to all the documents executed as a part of or in connection with the Loan.

E. Property. Property is any property, real, personal or intangible, that secures my performance of the obligations of this Loan.

F. Percent. Rates and rate change limitations are expressed as annualized percentages.

2. **REFINANCING.** This Note will pay off the following described note(s):

| Note Date | Note Number | Note Amount |
|---|---|---|
| January 22, 2008 | # 6121066469 | $500,000.00 |

The remaining balance of the note listed in the table above is $500,000.00.

3. **PROMISE TO PAY.** For value received, I promise to pay you or your order, at your address, or at such other location as you may designate, amounts advanced from time to time under the terms of this Note up to the maximum outstanding principal balance of $500,000.00 (Principal), plus interest from the date of disbursement, on the unpaid outstanding Principal balance until this Note is paid in full and you have no further obligations to make advances to me under the Loan.

I may borrow up to the Principal amount more than one time.

4. **ADVANCES.** Advances under this Note are made according to the following terms and conditions.

A. Requests for Advances. My requests are a warranty that I am in compliance with all the Loan Documents. When required by you for a particular method of advance, my requests for an advance must specify the requested amount and the date and be accompanied with any agreements, documents, and instruments that you require for the Loan. Any payment by you of any check, share draft or other charge may, at your option, constitute an advance on the Loan to me. All advances will be made in United States dollars. I will indemnify you and hold you harmless for your reliance on any request for advances that you reasonably believe to be genuine. To the extent permitted by law, I will indemnify you and hold you harmless when the person

ANDREW J. FILIPOWSKI
South Carolina Promissory Note
SC/4Xaetmore000846000063430100612094

©1996 Bankers Systems, Inc., St. Cloud, MN

Page 1


EXHIBIT A

making any request represents that I authorized this person to request an advance even when this person is unauthorized or this person's signature is not genuine.

I or anyone I authorize to act on my behalf may request advances by the following methods.

(1) I make a request in person.

(2) I make a request by phone.

B. **Advance Limitations.** In addition to any other Loan conditions, requests for, and access to, advances are subject to the following limitations.

(1) **Discretionary Advances.** You will make all Loan advances at your sole discretion.

(2) **Advance Amount.** Subject to the terms and conditions contained in this Note, advances will be made in exactly the amount I request.

(3) **Cut-Off Time.** Requests for an advance received before 02:00 PM will be made on any day that you are open for business, on the day for which the advance is requested.

(4) **Disbursement of Advances.** On my fulfillment of this Agreement's terms and conditions, you will disburse the advance into my account number ON REQUEST.

(5) **Credit Limit.** I understand that you will not ordinarily grant a request for an advance that would cause the unpaid principal of my Loan to be greater than the Principal limit. You may, at your option, grant such a request without obligating yourselves to do so in the future. I will pay any over advances in addition to my regularly scheduled payments. I will repay any over advance by repaying you in full within 10 days after the overdraft occurs.

(6) **Records.** Your records will be conclusive evidence as to the amount of advances, the Loan's unpaid principal balances and the accrued interest.

5. **INTEREST.** Interest will accrue on the unpaid Principal balance of this Note at the rate of 4.25 percent (Interest Rate) until April 16, 2009, after which time it may change as described in the Variable Rate subsection.

A. **Interest After Default.** If you declare a default under the terms of the Loan, including for failure to pay in full at maturity, you may increase the Interest Rate payable on the outstanding Principal balance of this Note. In such event, interest will accrue on the outstanding Principal balance at the variable Interest Rate in effect from time to time, plus an additional 4.000 percent, until paid in full.

B. **Maximum Interest Amount.** Any amount assessed or collected as interest under the terms of this Note will be limited to the maximum lawful amount of interest allowed by state or federal law, whichever is greater. Amounts collected in excess of the maximum lawful amount will be applied first to the unpaid Principal balance. Any remainder will be refunded to me.

C. **Statutory Authority.** The amount assessed or collected on this Note is authorized by the South Carolina usury laws under S.C. Code Ann. §§ 37-3-605, 37-3-105 and 37-10-101 et. seq.

D. **Accrual.** Interest accrues using an Actual/360 days counting method.

E. **Variable Rate.** The Interest Rate may change during the term of this transaction.

(1) **Index.** Beginning with the first Change Date, the Interest Rate will be based on the following index: For the purposes of this note, the term "Prime Rate" shall mean the interest rate announced, from time to time, by Caroline First Bank, at its principal office in Greenville, SC, or by its corporate successor, as the Prime Rate (which rate is only a benchmark, is purely discretionary, and is not necessarily the best or lowest rate charged borrowing customers of Caroline First Bank).

The Current Index is the most recent index figure available on each Change Date. You do not guaranty by selecting this Index, or the margin, that the Interest Rate on this Note will be the same rate you charge on any other loans or class of loans you make to me or other borrowers. If this Index is no longer available, you will substitute a similar Index. You will give me notice of your choice.

(2) **Change Date.** Each date on which the Interest Rate may change is called a Change Date. The Interest Rate may change April 16, 2009 and daily thereafter.

(3) **Calculation Of Change.** On each Change Date you will calculate the Interest Rate, which will be the Current Index plus 1.000 percent. The result of this calculation will be rounded to the nearest .001 percent. Subject to any limitations, this will be the Interest Rate until the next Change Date. The new Interest Rate will become effective on each Change Date. The Interest Rate and other charges on this Note will never exceed the highest rate or charge allowed by law for this Note.

(4) **Limitations.** The Interest Rate changes are subject to the following limitations:

(a) **Lifetime.** The Interest Rate will never be less than 5.500 percent.

(5) **Effect Of Variable Rate.** A change in the Interest Rate will have the following effect on the payments: The amount of scheduled payments and the amount of the final payment will change.

6. **ADDITIONAL CHARGES.** As additional consideration, I agree to pay, or have paid, these additional fees and charges.

A. **Nonrefundable Fees and Charges.** The following fees are earned when collected and will not be refunded if I prepay this Note before the scheduled maturity date.

Loan Origination. A(n) Loan Origination fee of $2,600.00 payable from separate funds on or before today's date.

7. **REMEDIAL CHARGES.** In addition to interest or other finance charges, I agree that I will pay these additional fees based on my method and pattern of payment. Additional remedial charges may be described elsewhere in this Note.

ANDREW J. HLIPOWSKI
South Carolina Promissory Note
SC/4Xnelmers00084800006743010061209N

©1996 Bankers Systems, Inc. St. Cloud, MN ExSmart™

Page 2

Case 1:11-cv-00260-MR-DLH   Document 1-2   Filed 10/06/11   Page 8 of 14

4,000

A. **Late Charge.** If a payment is more than 20 days late, I will be charged X.00% percent of the Unpaid Portion of Payment or $25.00, whichever is greater. I will pay this late charge promptly but only once for each late payment.

B. **Returned Check Charge.** I agree to pay a fee not to exceed $25.00 for each check, negotiable order of withdrawal or draft I issue in connection with the Loan that is returned because it has been dishonored.

**8. PAYMENT.** I agree to pay all accrued interest on the balance outstanding from time to time in regular payments beginning July 30, 2009, then on the same day in each 3rd month thereafter. Any payment scheduled for a date falling beyond the last day of the month, will be due on the last day. A final payment of the entire unpaid outstanding balance of Principal and Interest will be due April 30, 2010.

Payments will be rounded to the nearest $.01. With the final payment I also agree to pay any additional fees or charges owing and the amount of any advances you have made to others on my behalf. Payments scheduled to be paid on the 29th, 30th or 31st day of a month that contains no such day will, instead, be made on the last day of such month.

Interest payments will be applied first to any charges I owe other than late charges, then to accrued, but unpaid interest, then to late charges. Principal payments will be applied first to the outstanding Principal balance, then to any late charges. If you and I agree to a different application of payments, we will describe our agreement on this Note. The actual amount of my final payment will depend on my payment record.

**9. PREPAYMENT.** I may prepay this Loan in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until I pay in full.

**10. LOAN PURPOSE.** The purpose of this Loan is WORKING CAPITAL LINE FOR BAREFOOT LANDING RETAIL CENTER.

**11. SECURITY.** The Loan is secured by separate security instruments prepared together with this Note as follows:

| Document Name | Parties to Document |
|---|---|
| Deed Of Trust - 3605 STONEGATE COURT | ANDREW J. FILIPOWSKI |

**12. DEFAULT.** I will be in default if any of the following occur:

A. **Payments.** I fail to make a payment in full when due.

B. **Insolvency or Bankruptcy.** The death, dissolution or insolvency of, appointment of a receiver by or on behalf of, application of any debtor relief law, the assignment for the benefit of creditors by or on behalf of, the voluntary or involuntary termination of existence by, or the commencement of any proceeding under any present or future federal or state insolvency, bankruptcy, reorganization, composition or debtor relief law by or against me or any co-signer, endorser, surety or guarantor of this Note or any other obligations I have with you.

C. **Death or Incompetency.** I die or am declared legally incompetent.

D. **Failure to Perform.** I fail to perform any condition or to keep any promise or covenant of this Note. (1)

E. **Other Documents.** A default occurs under the terms of any other Loan Document.

F. **Other Agreements.** I am in default on any other debt or agreement I have with you.

G. **Misrepresentation.** I make any verbal or written statement or provide any financial information that is untrue, inaccurate, or conceals a material fact at the time it is made or provided.

H. **Judgment.** I fail to satisfy or appeal any judgment against me.

I. **Forfeiture.** The Property is used in a manner or for a purpose that threatens confiscation by a legal authority.

J. **Name Change.** I change my name or assume an additional name without notifying you before making such a change.

K. **Property Transfer.** I transfer all or a substantial part of my money or property.

L. **Property Value.** You determine in good faith that the value of the Property has declined or is impaired. (2)

M. **Insecurity.** You determine in good faith that a material adverse change has occurred in my financial condition from the conditions set forth in my most recent financial statement before the date of this Note or that the prospect for payment or performance of the Loan is impaired for any reason.

**13. DUE ON SALE OR ENCUMBRANCE.** You may, at your option, declare the entire balance of this Note to be immediately due and payable upon the creation of, or contract for the creation of, any lien, encumbrance, transfer or sale of all or any part of the Property. This right is subject to the restrictions imposed by federal law (12 C.F.R. 591), as applicable.

**14. WAIVERS AND CONSENT.** To the extent not prohibited by law, I waive protest, presentment for payment, demand, notice of acceleration, notice of intent to accelerate and notice of dishonor.

A. **Additional Waivers By Borrower.** In addition, I, and any party to this Note and Loan, to the extent permitted by law, consent to certain actions you may take, and generally waive defenses that may be available based on these actions or based on the status of a party to this Note.

(1) You may renew or extend payments on this Note, regardless of the number of such renewals or extensions.

(2) You may release any Borrower, endorser, guarantor, surety, accommodation maker or any other co-signer.

(3) You may release, substitute or impair any Property securing this Note.

---

ANDREW J. FILIPOWSKI
South Carolina Promissory Note
SC/4Xfilmore00084600000824301005 1209N                ©1996 Bankers Systems, Inc., St. Cloud, MN *ExpertS*                Page 3

(4) You, or any institution participating in this Note, may invoke your right of set-off.

(5) You may enter into any sales, repurchases or participations of this Note to any person in any amounts and I waive notice of such sales, repurchases or participations.

(6) I agree that any of us signing this Note as a Borrower is authorized to modify the terms of this Note or any instrument securing, guarantying or relating to this Note.

**9. No Waiver By Lender.** Your course of dealing, or your forbearance from, or delay in, the exercise of any of your rights, remedies, privileges or right to insist upon my strict performance of any provisions contained in this Note, or any other Loan Document, shall not be construed as a waiver by you, unless any such waiver is in writing and is signed by you.

**15. REMEDIES.** After I default, you may at your option do any one or more of the following:

A. **Acceleration.** You may make all or any part of the amount owing by the terms of this Note immediately due.

B. **Sources.** You may use any and all remedies you have under state or federal law or in any Loan Document.

C. **Insurance Benefits.** You may make a claim for any and all insurance benefits or refunds that may be available on my default.

D. **Payments Made On My Behalf.** Amounts advanced on my behalf will be immediately due and may be added to the balance owing under the terms of this Note, and accrue interest at the highest post-maturity interest rate.

E. **Termination.** You may terminate my right to obtain advances and may refuse to make any further extensions of credit.

F. **Set-Off.** You may use the right of set-off. This means you may set-off any amount due and payable under the terms of this Note against any right I have to receive money from you.

My right to receive money from you includes any deposit or share account balance I have with you; any money owed to me on an item presented to you or in your possession for collection or exchange; and any repurchase agreement or other non-deposit obligation. "Any amount due and payable under the terms of this Note" means the total amount to which you are entitled to demand payment under the terms of this Note at the time you set-off.

Subject to any other written contract, if my right to receive money from you is also owned by someone who has not agreed to pay this Note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement.

Your right of set-off does not apply to an account or other obligation where my rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account.

You will not be liable for the dishonor of any check when the dishonor occurs because you set-off against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set-off.

G. **Waiver.** Except as otherwise required by law, by choosing any one or more of these remedies you do not give up your right to use any other remedy. You do not waive a default if you choose not to use a remedy. By electing not to use any remedy, you do not waive your right to later consider the event a default and to use any remedies if the default continues or occurs again.

**16. COLLECTION EXPENSES AND ATTORNEYS' FEES.** On or after Default, to the extent permitted by law, I agree to pay all expenses of collection, enforcement or protection of your rights and remedies under this Note or any other Loan Document. Expenses include, but are not limited to, attorneys' fees, court costs and other legal expenses. *Those expenses are due and payable* (3) immediately. If not paid immediately, these expenses will bear interest from the date of payment until paid in full at the highest interest rate in effect as provided for in the terms of this Note. All fees and expenses will be secured by the Property I have granted to you, if any. In addition, to the extent permitted by the United States Bankruptcy Code, I agree to pay the reasonable attorneys' fees incurred by you to protect your rights and interests in connection with any bankruptcy proceedings initiated by or against me.

**17. COMMISSIONS.** I understand and agree that you (or your affiliate) will earn commissions or fees on any insurance products, and may earn such fees on other services that I buy through you or your affiliate.

**18. WARRANTIES AND REPRESENTATIONS.** I have the right and authority to enter into this Note. The execution and delivery of this Note will not violate any agreement governing me or to which I am a party.

**19. APPLICABLE LAW.** This Note is governed by the laws of ~~South~~ North Carolina, the United States of America, and to the extent required, by the laws of the jurisdiction where the Property is located, except to the extent such state laws are preempted by federal law.

**20. JOINT AND INDIVIDUAL LIABILITY AND SUCCESSORS.** My obligation to pay the Loan is independent of the obligation of any other person who has also agreed to pay it. You may sue me alone, or anyone else who is obligated on the Loan, or any number of us together, to collect the Loan. Extending the Loan or new obligations under the Loan, will not affect my duty under the Loan and I will still be obligated to pay the Loan. This Note shall inure to the benefit of and be enforceable by you and your successors and assigns and shall be binding upon and enforceable against me and my personal representatives, successors, heirs and assigns.

**21. AMENDMENT, INTEGRATION AND SEVERABILITY.** This Note may not be amended or modified by oral agreement. No amendment or modification of this Note is effective unless made in writing and executed by you and me. This Note and the other Loan Documents are the complete and final expression of the agreement. If any provision of this Note is unenforceable, then the unenforceable provision will be severed and the remaining provisions will still be enforceable. No present or future agreement securing any other debt I owe you will secure the payment of this Loan if, as a result, this Loan would become subject to Section 670 of the John Warner National Defense Authorization Act for Fiscal Year 2007.

**22. INTERPRETATION.** Whenever used, the singular includes the plural and the plural includes the singular. The section headings are for convenience only and are not to be used to interpret or define the terms of this Note.

ANDREW J. FILIPOWSKI
South Carolina Promissory Note
SC/4746122000346000024301006120BM                    ©1996 Bankers Systems, Inc., St. Cloud, MN Exporte                    Page 4

23. NOTICE, FINANCIAL REPORTS AND ADDITIONAL DOCUMENTS. Unless otherwise required by law, any notice will be given by delivering it or mailing it by first class mail to the appropriate party's address listed in the DATE AND PARTIES section, or to any other address designated in writing. Notice to one Borrower will be deemed to be notice to all Borrowers. I will inform you in writing of any change in my name, address or other application information. I will provide you any financial statement or information you request. All financial statements and information I give you will be correct and complete. I agree to sign, deliver, and file any additional documents or certifications that you may consider necessary to perfect, continue, and preserve my obligations under this Loan and to confirm your lien status on any Property. Time is of the essence.

24. CREDIT INFORMATION. I agree to supply you with whatever information you reasonably feel you need to decide whether to continue this Loan. You will make requests for this information without undue frequency, and will give me reasonable time in which to supply the information.

25. ERRORS AND OMISSIONS. I agree, if requested by you, to fully cooperate in the correction, if necessary, in the reasonable discretion of you of any and all loan closing documents so that all documents accurately describe the loan between you and me. I agree to assume all costs including by way of illustration and not limitation, actual expenses, legal fees and marketing losses for failing to reasonably comply with your requests within thirty (30) days.

26. SIGNATURES. By signing under seal, I agree to the terms contained in this Note. I also acknowledge receipt of a copy of this Note.

BORROWER:

_____ (Seal)
ANDREW J. FILIPOWSKI
Individually

_____ (Seal)
MATTHEW G. BOSZAK
Individually

(1)     , within 15 days following written notice of such failure from Carolina First Bank.

(2)     , by a material amount.

(3)     actually incurred by Carolina First Bank at such attorney's standard hourly rates.

ANDREW J. FILIPOWSKI
South Carolina Promissory Note
SC/4X-amon000848000002-30100612084

©1996 Bankers Systems, Inc., St. Cloud, MN *Expert*

Page 5

**Moore&VanAllen**

July 13, 2010

**Ashley Steele Nutley**
Attorney at Law

T 843 579 7024
F 843.579 8746
ashleynutley@mvalaw.com

**VIA, OVERNIGHT COURIER, FIRST CLASS MAIL AND CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Moore & Van Allen PLLC

Suite 300
40 Calhoun Street
Charleston, SC 29401-3535

Andrew J. Filipowski
3505 Stonegate Court
Winston-Salem, NC 27104

Mailing Address:
Post Office Box 22828
Charleston, SC 29413-2828

Matthew G. Roszak
102 W. Third Street, Suite 300
Winston-Salem, NC 27101

Re: Enforcement of Certain Obligations of Andrew J. Filipowski and Matthew G. Roszak (collectively, "Borrower") to Carolina First Bank ("Lender") and Demand for Payment
MVA File No. 035437.000002

Dear Sirs:

I represent Carolina First Bank in connection with the above referenced matter. In that regard, reference is hereby made to (i) that certain Note, dated as of January 22, 2008 in the original principal amount of $500,000.00, as amended ("Note"), from Borrower to Lender; and (ii) that Deed of Trust dated as of April 16, 2009 from Andrew J. Filipowski to MTNBK, LTD for the benefit of Lender ("Deed of Trust"). Capitalized terms used herein without other definition shall have the meanings assigned to them in the Note and Deed of Trust, along with any other instruments executed by the parties in connection with the foregoing, being referred to as the "Loan Documents".

The Note is in default, your payments are past due and you have failed to repay the Note as provided therein. The Note matured on April 30, 2010. Lender hereby demands immediate payment of the full balance of principal and accrued interest owed under the Note, in no case later than the close of business, July 19, 2010.

The balance due under the Note as of July 12, 2010 exclusive of attorney's fees and costs, is as follows:

| | |
|---|---|
| Principal: | $500,000.00 |
| Interest: | $   5,576.39 |
| Late Charges: | $ 10,000.00 |
| Prepayment Penalty: | $     N/A |
| Total Due: | $515,576.39 |
| Per diem: | $76.39 (after July 12, 2010) |

Please contact me for updated payoff figures.



Charlotte, NC
Research Triangle, NC

CHARLESTON\416388v1


EXHIBIT B

Andrew J. Filipowski and
Matthew G. Roszak
July 13, 2010
Page 2

The Lender reserves the right to impose any default rate of interest and any late charges authorized under the relevant Loan Documents. In addition, it reserves the right to exercise any and all of its default remedies as provided in the Loan Documents, as well as state and federal law, to recover the outstanding balances, including attorneys' fees and costs. Such remedies may include, but are not limited to, foreclosure and the appointment of a receiver.

This demand letter is not intended to be a complete list of all defaults by the Borrower under the Note or any other Loan Documents. Lender does not waive any other defaults or any other unsatisfied conditions which may exist under the Loan Documents at this time or in the future and reserves all of its rights with respect to all defaults or any other unsatisfied conditions under the Loan Documents which have occurred or may hereafter occur. No delay by the Lender in exercising any rights or remedies under the Note or the applicable Loan Documents shall operate as a waiver of any rights or remedies it may have.

Any future negotiations or discussions with any representative of the Lender regarding the Note or any document executed in connection with such Note, shall not be binding upon the Lender unless and until it is in writing and signed by an authorized representative of the Lender. Any and all rights and remedies available to the Lender shall be cumulative and may be exercised separately, successively, or concurrently at the sole discretion of the Lender.

Lender hereby provides notice pursuant to N. C. Gen. Stat. §6-21.2 that Borrower has five (5) days from the mailing of this notice to pay the entire outstanding obligations under the Note and Deed of Trust without attorneys' fees. If Borrower pays the entire indebtedness under the Note and Deed of Trust within five (5) days, then its obligation thereunder to pay Bank's attorneys' fees shall be void. If Bank does not receive full payment within five (5) days, Bank will be entitled to enforce the provisions of the Note and Deed of Trust requiring Borrower to pay Bank's attorneys' fees, and Borrower will become liable for those attorneys' fees.

Very truly yours,

Moore & Van Allen PLLC

*Ashley Steele Nutley*

Ashley Steele Nutley

cc: James Ramsbottom, Carolina First Bank

CHARLESTON\416388v1

