IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

| | | |
|---|---|---|
| TD BANK, N.A., | ) | C/A No. 1:11-cv-260 |
|     Plaintiff, | ) ) ) | |
| vs. | ) ) | ANSWER |
| ANDREW J. FILIPOWSKI and MATTHEW G. ROSZAK, | ) ) ) ) | (Jury Trial Requested) |
|     Defendants. | ) ) | |

The Defendants, by and through the undersigned, respectfully answer the Complaint as follows:

1. Admitted, upon information and belief.

2. It is admitted that the Defendant Filipowski is currently a resident of Chicago, Illinois. The remaining allegations of this paragraph are denied.

3. It is admitted that the Defendant Roszak is currently a resident of Glenview, Illinois. The remaining allegations of this paragraph are denied.

4. Denied.

5. Denied.

6. It is admitted that Exhibit A, attached to the Complaint, is a true and complete copy of the document which it purports to be. The remaining allegations of this paragraph are denied.

7. Denied for lack of sufficient information and knowledge, and strict proof thereof is demanded.

8. Denied.

9. Exhibit A is a written document, the terms of which are set forth in the document itself. Reference is prayed to that document and any inconsistent allegations of paragraph 9 are denied.

10. It is admitted that Exhibit B to the Complaint is a true and accurate copy of a letter dated July 13, 2010. Reference to that document is prayed for its exact terms. The remaining and any inconsistent allegations of paragraph 10 are hereby denied.

11. No answer necessary, but if an answer is deemed to be necessary then the allegations are denied.

12. Denied.

13. Denied.

14. This is a legal conclusion, to which no answer is necessary, but if an answer is deemed to be necessary, then the allegations of paragraph 14 are denied.

### FOR A FIRST AFFIRMATIVE DEFENSE
**(Real Party in Interest)**

15. Pursuant to Rule 17 of the Federal Rules of Civil Procedure and Rule 17 of the North Carolina Rules of Civil Procedure, a civil "action must be prosecuted in the name of the real party in interest." Exhibit A to the Complaint appears to be a promissory note from the Defendants to Carolina First Bank in Greenville, South Carolina. The Plaintiff was neither the original lender on the mortgage described in Exhibit A, no assignment of said mortgage appears to have been filed in the appropriate office of the North Carolina Clerks of Court, and the Plaintiff is not the real party in interest for purposes of the Complaint.

## FOR A SECOND AFFIRMATIVE DEFENSE
### (Improper Venue)

16. At the time of the making of the alleged promissory note, Exhibit A to the Complaint, the Defendants were residents of Forsyth County, North Carolina, and have since then relocated to the State of Illinois. At no time have the Defendants been residents of Buncombe County, North Carolina. Moreover, at the time of the making of Exhibit A, Carolina First Bank was domiciled, organized, and existing under the laws of South Carolina and in Greenville County, South Carolina, not Buncombe County, North Carolina. This case was, therefore, filed in an improper venue originally.

## FOR A THIRD AFFIRMATIVE DEFENSE
### (Novation)

18. On or about March 18, 2011, the Plaintiff and the Defendants entered into a "Forbearance Agreement" which, by its very terms, amended the terms of Exhibit A, added new terms, deleted other terms, and has the legal and practical effect of a novation.

## FOR A FOURTH AFFIRMATIVE DEFENSE
### (Breach of Covenant of Good Faith and Fair Dealing)

19. The Defendants and the Plaintiff negotiated and closed a forbearance agreement with Plaintiff regarding the loan which is the subject of this action on or about March 18, 2011, at substantial cost and detriment to the Defendants, at substantial cost and detriment to a company in which the Defendants have an interest, and all to the substantial benefit and enrichment of the Plaintiff.

20. The Defendants have continued to negotiate with the Plaintiff in good faith regarding the dispute described here, but Plaintiff has failed and refused to negotiate in good faith since that

time.

21. The laws of the State of South Carolina impart into every contract subject to its jurisdiction an obligation of good faith and fair dealing.

22. The Defendants are informed and believe that the Plaintiff has breached its obligations of good faith and fair dealing and that any sum which may be found to be owed the Plaintiff shall be offset by the damages incurred to the Defendants and their company as a result of that breach.

### FOR A FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

23. The Plaintiff's claims are barred by the doctrine of unclean hands.

### FOR A SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

24. As a result of the aforementioned forbearance agreement and failure of the Plaintiff to act in good faith, the Plaintiff's claims are barred by the doctrine of waiver.

### DEMAND FOR JURY TRIAL

25. The Defendants respectfully request that all genuine issues of material fact, should any exist, be tried before a jury.

**WHEREFORE,** the Defendants respectfully pray that this Honorable Court dismiss this action in its entirety, enter judgment in their favor, and award them all taxable costs and other proper relief.

[Attorney's closing on following page.]

WILLCOX, BUYCK, & WILLIAMS, P.A.


By: /s/ Robert T. King
Robert T. King, NC Bar #20294
PO Box 1909
Florence, SC 29503-1909
(843) 662-3258 - Tel.
(843) 662-1342 - Fax
rking@willcoxlaw.com
ATTORNEY FOR DEFENDANTS

October 6, 2011